UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| **Christopher Scott,** | ) | **COMPLAINT** |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | |
| | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **Seterus, Inc., f/k/a IBM Lender** | ) | |
| **Business Process Service,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

1. This is an action brought by Plaintiff, Christopher Scott, for actual and statutory damages, attorneys' fees, and costs for Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq* (hereinafter "TCPA").

## JURISDICTION AND VENUE

2. This Court has Jurisdiction under 47 U.S.C. §227(g)(2) and 28 U.S.C. §1331. Venue is proper in that the Defendant transacted business here, and the Plaintiff resides here.

## PARTIES

3. Plaintiff, Christopher Scott, is a resident and citizen of the State of South Carolina, Darlington County, and is over the age of twenty-one (21) years.

4. Defendant Seterus, Inc. f/k/a IBM Lender Business Process Service (hereinafter referred to as "Setrus") is a Delaware corporation who may be served with process through its registered agent, C T Corporation System, 2 Office Park Ct., Suite 103,

Columbia, SC 29223. Defendant was in all respects and at all times set forth herein doing business in the state of South Carolina.

## FACTUAL ALLEGATIONS

5. Beginning in September, 2012, Defendant made numerous telephone calls to Plaintiff's cellular telephone. These calls were made regarding a mortgage that was granted by Plaintiff's grandmother and to which Defendant had become the servicer.

6. Pursuant to Defendant's own records, Defendant made 39 telephone calls to Plaintiff's cellular telephone from September 14, 2012 to November 13, 2012.

7. Upon information and belief, each and every call made to Plaintiff's cellular telephone by Defendant was made through the use of an automatic telephone dialing system as defined by 47 U.S.C. § 227.

8. Defendant repeatedly called Plaintiff on a number that was assigned to a cellular telephone service. Additionally, Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. §227(b)(1).

9. Plaintiff did not expressly consent to Defendant's placement of telephone calls to his cellular telephone by the use of an automatic telephone dialing system pursuant to 47 U.S.C. §227(b)(1)(A). In fact, Defendant continuously stated to Plaintiff that Plaintiff was not eligible to discuss the account for which Defendant was calling because he was not listed on the paperwork that created the loan that was the subject of the telephone calls. Defendant knew, or should have known, that it was calling Plaintiff's

cellular telephone number without express consent.

10. None of Defendant's telephone calls placed to Plaintiff were for emergency purposes as defined by 47 U.S.C. §227 (b)(1)(A)(I).

11. The telephone calls made by Defendant were in violation of 47 U.S.C. §227(b)(1).

## COUNT TWO
### (Violation of the Telephone Consumer Protection Act)

12. Plaintiff hereby adopts all of the allegations set forth in paragraphs 5 through 11 as if set forth fully herein.

13. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

14. As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C.§ 227(b)(3)(B).

## COUNT THREE
### (Violation of the Telephone Consumer Protection Act)

15. Plaintiff hereby adopts all of the allegations set forth in paragraphs 5 through 14 as if set forth fully herein.

16. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

17.  As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §227 *et seq.*, the Plaintiff is entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(c).

## AMOUNT OF DAMAGES DEMANDED

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a judgment against Defendant for the following:

A.  Statutory damages of $500.00 from Defendants for each and every negligent violation of the TCPA;

B.  Treble statutory damages of $1,500.00 for each and every call made to the Plaintiffs' cell phones by Defendants as each and every call was a knowing and/or willful violation of 47 U.S.C. §227 *et seq.*;

C.  For this matter to be heard by a jury; and

D.  For such other and further relief as this Court deems necessary and proper.

/s/ Penny Hays Cauley
Penny Hays Cauley, Fed ID No 10323
Attorney for Plaintiff

**OF COUNSEL:**
HAYS CAULEY, P.C.
1303 West Evans Street
Florence, SC 29501
(843) 665-1717
(843) 665-1718 Facsimile

phc917@hayscauley.com

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL COUNTS**

/s/ Penny Hays Cauley
Of Counsel

**DEFENDANT TO BE SERVED VIA CERTIFIED MAIL:**

Seterus, Inc. f/k/a IBM Lender Business Process Service
c/o C T Corporation System - Registered Agent
2 Office Park Ct., Suite 103
Columbia, SC 29223